KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
Michael B. Solow
Seth J. Kleinman

-and-

70 West Madison Street, Suite 4100
Chicago, IL 60602
Telephone: (312) 583-2300
Facsimile: (312) 583-2360
D. Tyler Nurnberg (*pro hac vice* pending)
Matthew J. Micheli (*pro hac vice* pending)

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 4KIDS ENTERTAINMENT, INC., *et al.*,[1] | Case No.: 11-11607 (SCC) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO (I) PREPARE A LIST OF CREDITORS IN LIEU OF A FORMATTED MAILING MATRIX, (II) FILE A CONSOLIDATED LIST OF THE DEBTORS' UNSECURED CREDITORS, AND (III) SEND NOTICES TO CREDITORS**

4Kids Entertainment, Inc. ("4Kids") and certain of its direct or indirect subsidiaries and affiliates (collectively, the "Debtors") hereby file this motion (the "Motion") for

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: 4Kids Entertainment, Inc. (1380); 4Kids Ad Sales, Inc. (6309); 4Kids Digital Games, Inc. (7645); 4Kids Entertainment Home Video, Inc. (0094); 4Kids Entertainment Licensing, Inc. (3342); 4Kids Entertainment Music, Inc. (6311); 4Kids Productions, Inc. (3593); 4Kids Technology, Inc. (8181); 4Kids Websites, Inc. (7563); 4Sight Licensing Solutions, Inc. (8897); The Summit Media Group, Inc. (2061); and World Martial Arts Productions, Inc. (8492).

entry of an order, substantially in the form attached hereto as Exhibit A, pursuant to sections 105(a), 342(a) and 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1007(a)(1) and (d) and 2002(a), (f), and (l) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to (i) prepare a list of creditors in lieu of a formatted mailing matrix, (ii) file a consolidated list of the Debtors' unsecured creditors and (iii) send notices through their Proposed Notice and Claims Agent (as defined below).  In support of this Motion, the Debtors submit the Declaration of Bruce R. Foster in Support of Chapter 11 Petitions and First Day Orders (the "Foster Declaration"), filed contemporaneously herewith.  In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.  Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The predicates for the relief requested herein are sections 105(a), 342(a) and 521 of title 11 of the Bankruptcy Code and Bankruptcy Rules 1007(a)(1) and (d) and 2002(a), (f), and (l).

## BACKGROUND

4. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under the Bankruptcy Code.

5. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No trustee, examiner, or committee has been appointed.

7. A description of the Debtors' businesses, prepetition capital structure and circumstances leading to the chapter 11 filings are set forth in the Foster Declaration.

**FACTS RELEVANT TO THE MOTION**

8. Contemporaneously with the filing of this Motion, and in accordance with General Order M-192, the Debtors have filed an application to retain Epiq Bankruptcy Solutions, LLC ("Epiq") as their notice and claims agent in these chapter 11 cases ("Proposed Notice and Claims Agent"). If that motion is granted, Epiq will, among other things, (i) assist with the consolidation of the Debtors' computer records into a creditor database and prepare creditor lists, (ii) send notices to the parties in such database, including, without limitation, the notice of commencement of these chapter 11 cases, and (iii) undertake any other mailings directed by the Court, United States Trustee for the Southern District of New York ("U.S. Trustee"), or required by the Bankruptcy Code or Bankruptcy Rules. The Debtors believe that using Epiq for this purpose will maximize administrative efficiency in these chapter 11 cases and reduce the administrative burdens that would otherwise fall upon the Court and the U.S. Trustee.

9. After consulting with Epiq, the Debtors believe that preparing the consolidated list in the format or formats currently maintained by the Debtors in the ordinary course of business will be sufficient to permit Epiq to promptly provide notices to all appropriate parties. Accordingly, the Debtors believe that maintaining their lists of creditors in electronic format rather than preparing and filing separate matrices will maximize efficiency, increase accuracy, and reduce costs to the benefit of the estates.

**RELIEF REQUESTED**

10. By this Motion, the Debtors seek an order, substantially in the form annexed hereto as Exhibit A, authorizing the Debtors to (i) prepare a consolidated list of creditors in the format or formats currently maintained in the ordinary course of business in lieu of submitting any required mailing matrix, (ii) file a consolidated list of the Debtors' unsecured creditors, and (iii) send notices through their Proposed Notice and Claims Agent.

**BASIS FOR RELIEF**

A. **Cause Exists to Authorize the Debtors to Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix**

11. Unless a debtor's schedules of assets and liabilities are filed simultaneously with a chapter 11 petition, section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Rule 1007-2 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") require a debtor to file a list containing the name and address of each creditor. In addition, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the name, address, and claim of the creditors holding the twenty (20) largest unsecured claims against the debtor. Bankruptcy Rule 2002(a)(1) further provides that the clerk (or other person directed by the court) must give the debtor, trustee, all creditors and any indenture trustee at least twenty-one (21) days notice by mail of the meeting of creditors under section 341 of the Bankruptcy Code (the "341 Meeting"). Bankruptcy Rule 2002(f)(1) also provides that notice of "the order of relief" shall be sent by mail to all creditors.

12. Permitting the Debtors' Proposed Notice and Claims Agent to maintain a consolidated list of their creditors in electronic format only, in lieu of filing a creditor matrix, is warranted under the circumstances of these chapter 11 cases. The Debtors presently maintain various computerized lists of the names and addresses of the Debtors' respective creditors, equity security holders and parties in interest who may be entitled to receive notices or other documents in these chapter 11 cases. Because the Debtors have hundreds of creditors and other interested parties, converting the Debtors' computerized information to a format compatible with the matrix requirements would be a burdensome task and would greatly increase the risk of error with respect to information already intact on computer systems maintained by the Debtors or

their agents.  The Debtors believe that preparing a consolidated list in the format or formats currently maintained in the ordinary course of business will be sufficient to permit them to give notice promptly to all applicable parties, as contemplated by the Local Rules, Bankruptcy Rules and Bankruptcy Code.

13. In light of the foregoing, the Debtors submit that proposed maintenance of an electronic list of creditors by their Proposed Notice and Claims Agent is warranted under the facts and circumstances present here, consistent with the applicable provisions of the Local Rules and, indeed, similar to relief routinely granted in comparable chapter 11 cases in this district. *See*, *e.g.*, *In re The Reader's Digest Ass'n, Inc.*, Case No. 09-23529 (RDD) (Bankr. S.D.N.Y. Aug. 26, 2009) [Doc. No. 25]; *In re ION Media Networks, Inc.*, Case No. 09-13125 (JMP) (Bankr. S.D.N.Y. May 21, 2009) [Doc. No. 33].

**B.     Cause Exists to Authorize the Debtors
         to File a Single, Consolidated Creditor List**

14. Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address, and claim of the creditors that hold the twenty (20) largest unsecured claims, excluding insiders."  Fed. R. Bankr. P. 1007(d).  Because certain of the Debtors have fewer than twenty (20) identifiable unsecured creditors on an individual basis and others have no creditors, the Debtors submit that filing separate top creditor lists would be of limited utility.

15. A list of a debtor's top unsecured creditors is primarily used by the U.S. Trustee to evaluate the types and amounts of unsecured claims against the debtor, and to identify potential candidates to serve on the official committee of unsecured creditors appointed in the debtor's case under section 1102 of the Bankruptcy Code.  The Debtors believe that filing one consolidated list of the Debtors' unsecured creditors would serve the U.S. Trustee's purposes in these chapter 11 cases.

16. Accordingly, the Debtors submit that filing a consolidated list of their unsecured creditors is appropriate under the facts and circumstances present here, consistent with the applicable provisions of the Local Rules and, indeed, similar to relief routinely granted in comparable chapter 11 cases in this district. *See*, *e.g.*, *In re The Reader's Digest Ass'n, Inc.*, Case No. 09-23529 (RDD) (Bankr. S.D.N.Y. Aug. 26, 2009) [Doc. No. 25]; *In re ION Media Networks, Inc.*, Case No. 09-13125 (JMP) (Bankr. S.D.N.Y. May 21, 2009) [Doc. No. 33].

C. **Cause Exists to Authorize the Debtors to Send Notices to Creditors**

17. As stated above, the Debtors propose that Epiq undertake all mailings directed by the Court, the U.S. Trustee, or as required by the Bankruptcy Code and Bankruptcy Rules, including, without limitation, the notice of commencement of these chapter 11 cases. Epiq's assistance with mailing and preparation of creditors lists and notices will ease administrative burdens that otherwise would fall upon the Court and the U.S. Trustee. With such assistance, the Debtors will be prepared to file a computer-readable consolidated list of creditors and also will be capable of undertaking all necessary mailings.

**NOTICE AND PRIOR MOTIONS**

18. Notice of this Motion has been provided to: (i) the Office of the United States Trustee for Region 2, serving the Southern District of New York; (ii) the creditors (excluding insiders) holding unsecured claims against the Debtors on a consolidated basis; (iii) the Internal Revenue Service; (iv) the United States Securities and Exchange Commission; (v) the United States Attorney's Office; (vi) the United States Attorney General; (vii) the New York State Attorney General; (viii) the New York State Taxing Authority; and (ix) the New York City Taxing Authority.

19. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice of this Motion is necessary or required.

20. No previous request for the relief sought herein has been made.

[*Remainder of page left blank intentionally*]

WHEREFORE, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached hereto as Exhibit A, authorizing the Debtors to (a) prepare a list of creditors in lieu of a formatted mailing matrix, (b) file a consolidated list of the Debtors' unsecured creditors, and (c) send notices through their Proposed Notice and Claims Agent, and (ii) grant such other and further relief as may be just and proper.

Dated: April 6, 2011
      New York, New York

Respectfully submitted,
**4KIDS ENTERTAINMENT, INC., et al.,**

KAYE SCHOLER LLP

By: */s/ Michael B. Solow*
Michael B. Solow
Seth J. Kleinman
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

-and-

D. Tyler Nurnberg (*pro hac vice* pending)
Matthew J. Micheli (*pro hac vice* pending)
70 West Madison Street, Suite 4100
Chicago, IL 60602
Telephone: (312) 583-2300
Facsimile: (312) 583-2360

*Proposed Attorneys for Debtors
and Debtors in Possession*