KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
Michael B. Solow
Seth J. Kleinman

-and-

70 West Madison Street, Suite 4100
Chicago, IL 60602
Telephone: (312) 583-2300
Facsimile: (312) 583-2360
D. Tyler Nurnberg
Matthew J. Micheli

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| 4KIDS ENTERTAINMENT, INC., *et al.*,[1] | Case No. 11-11607 (SCC) |
| Debtors. | (Jointly Administered) |

**NOTICE OF HEARING ON DEBTORS' MOTION
FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVE
PERIODS DURING WHICH ONLY THE DEBTORS MAY FILE A
CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

      **PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the attached motion (the "Motion")[2] of 4Kids Entertainment, Inc. ("4Kids") and certain of its direct or indirect

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: 4Kids Entertainment, Inc. (1380); 4Kids Ad Sales, Inc. (6309); 4Kids Digital Games, Inc. (7645); 4Kids Entertainment Home Video, Inc. (0094); 4Kids Entertainment Music, Inc. (6311); 4Kids Entertainment Licensing, Inc. (3342); 4Kids Productions, Inc. (3593); 4Kids Technology, Inc. (8181); 4Kids Websites, Inc. (7563); 4Sight Licensing Solutions, Inc. (8897); The Summit Media Group, Inc. (2061); and World Martial Arts Productions, Inc. (8492).

subsidiaries and affiliates (collectively, the "Debtors"), will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York (the "Court") on **July 26, 2011, at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, at the Bankruptcy Court, Courtroom 610, One Bowling Green, New York, New York 10004-1408.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion shall (i) be in writing, (ii) conform to the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court for the Southern District of New York and the Order Implementing Certain Notice and Case Management Procedures [Docket No. 22] (the "Case Management Order"), (iii) set forth the name of the objecting party, the basis for the objection and the specific grounds thereof and (iv) be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to the chambers of the Honorable Shelley C. Chapman), and shall be served upon: (a) Kaye Scholer LLP, 70 W. Madison Street, Suite 4100, Chicago, Illinois 60602, Attn: D. Tyler Nurnberg, Esq. and Matthew J. Micheli, Esq., attorneys for the Debtors, (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Serene K. Nakano, Esq., (c) the parties on the Master Service List (as defined in the Case Management Order) and (d) any other parties affected by the Motion, so as to be filed and **received** by no later than **July 19, 2011, at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").[3]

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that the Motion and any related documents may be examined and inspected by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) during the days when the Court is in session, at the offices of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408, or viewed on-line with a Pacer Account at http://www.nysb.uscourts.gov or free of charge at http://dm.epiq11.com/Kids.

---

[2] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

[3] Copies of the Motion, the Case Management Order and all pleadings and other papers filed in these chapter 11 cases may be obtained, free of charge, by visiting the Debtors' restructuring website at: http://dm.epiq11.com/Kids.

Dated: July 8, 2011
      New York, New York

      Respectfully submitted,
      **4KIDS ENTERTAINMENT, INC., ET AL.,**

      KAYE SCHOLER LLP

      By: */s/ Michael B. Solow*

      Michael B. Solow
      Seth J. Kleinman
      425 Park Avenue
      New York, NY 10022
      Telephone: (212) 836-8000
      Facsimile: (212) 836-8689

      -and-

      D. Tyler Nurnberg
      Matthew J. Micheli
      70 West Madison Street, Suite 4100
      Chicago, IL 60602
      Telephone: (312) 583-2300
      Facsimile: (312) 583-2360

      *Attorneys for the Debtors*
      *and Debtors in Possession*

KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
Michael B. Solow
Seth J. Kleinman

-and-

70 West Madison Street, Suite 4100
Chicago, IL 60602
Telephone: (312) 583-2300
Facsimile: (312) 583-2360
D. Tyler Nurnberg
Matthew J. Micheli

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 4KIDS ENTERTAINMENT, INC., *et al.*,[1] | ) | Case No. 11-11607 (SCC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: 4Kids Entertainment, Inc. (1380); 4Kids Ad Sales, Inc. (6309); 4Kids Digital Games, Inc. (7645); 4Kids Entertainment Home Video, Inc. (0094); 4Kids Entertainment Music, Inc. (6311); 4Kids Entertainment Licensing, Inc. (3342); 4Kids Productions, Inc. (3593); 4Kids Technology, Inc. (8181); 4Kids Websites, Inc. (7563); 4Sight Licensing Solutions, Inc. (8897); The Summit Media Group, Inc. (2061); and World Martial Arts Productions, Inc. (8492).

# DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTORS MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF

4Kids Entertainment, Inc. and its affiliated debtors herein (collectively, the "Debtors") hereby file this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit A, (i) extending the exclusive periods during which only the Debtors may file a chapter 11 plan and solicit acceptances thereof, and (ii) granting such other relief as is just and proper. Specifically, the Debtors seek to extend the exclusive period to file a plan for each Debtor from August 4, 2011 through and including November 4, 2011, and the exclusive period to solicit acceptances of a plan for each Debtor from October 3, 2011 through and including January 4, 2012. In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The statutory basis for the relief requested herein is section 1121(d) of the Bankruptcy Code.

## BACKGROUND

4. On April 6, 2011 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under the Bankruptcy Code.

5. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No trustee, examiner, or committee has been appointed.

## RELIEF REQUESTED

7. By this Motion, the Debtors request entry of an order extending the exclusive periods during which only the Debtors may file a chapter 11 plan and solicit acceptances thereof to November 4, 2011 and January 4, 2012, respectively.

## BASIS FOR RELIEF

8. Section 1121(d) of the Bankruptcy Code authorizes the Court to extend the Debtors' exclusive period to file a chapter 11 plan and solicit acceptances thereof for "cause"—

> [O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1).

9. Although the Bankruptcy Code does not define "cause," the legislative history indicates that "cause" is intended to be a flexible standard that balances the competing interests of a debtor and its creditors. *See* H.R. Rep. No. 95-595 at 231, 232 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6191. This flexibility is intended to give a debtor an adequate opportunity to stabilize its business operations at the outset of the case and to then negotiate a plan with its creditors. *See In re Ames Dep't Stores Inc.*, 1991 WL 259036, at *3 (S.D.N.Y. Nov. 25, 1991) ("The purpose of the Bankruptcy Code's exclusivity period is to allow the debtor flexibility to negotiate with its creditors.").

10. Courts in this District apply a nine-factor test to determine whether "cause" exists to extend (or to terminate) a debtor's exclusive periods. *See, e.g., In re Adelphia Commc'ns Corp.* (*Adelphia I*), 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006) (citing *Dow Corning*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997)). These factors include:

(1) the existence of good faith progress toward reorganization;

(2) the fact that the debtors are paying their bills as they come due;

(3) the size and complexity of the cases;

(4) the necessity of sufficient time to permit the debtors to negotiate a plan of reorganization and prepare adequate information to allow a creditor to determine whether to accept such plan;

(5) whether the debtors have demonstrated reasonable prospects for filing a viable plan;

(6) whether the debtors have made progress in negotiations with their creditors;

(7) the amount of time that has elapsed in the cases;

(8) whether the debtors are seeking an extension of exclusivity to pressure creditors to submit to the debtors' reorganization demands; and

(9) whether an unresolved contingency exists.

*Id.*

11. For the reasons below, the Debtors submit there is adequate cause to extend the Debtors' exclusive periods in these chapter 11 cases by approximately 90 days.

### A. *A Significant Unresolved Contingency Exists*

12. The successful resolution of these chapter 11 cases is predicated upon the resolution of the litigation between the Debtors and their principal licensing counterparties, TV Tokyo Corporation And Nihon Ad Systems, Inc (the "Yu-Gi-Oh! Licensors"). Just prior to the Petition Date, the Yu-Gi-Oh! Licensors attempted to terminate the Debtors' license agreement (the "Yu-Gi-Oh! License") with respect to the Yu-Gi-Oh! property. On March 24, 2011, the Yu-Gi-Oh! Licensors initiated litigation against the Debtors in District Court, which litigation is now pending before this Court, as set forth below.

13. Nothing can be accomplished with respect to a plan until the Yu-Gi-Oh! litigation is resolved. On May 18, 2011, by agreement of the parties, the District Court entered

the Stipulated Order Referring Case to the Bankruptcy Court in Accordance with the Court's Standing Referral Order and 29 U.S.C. §§ 157 and 1334.  On May 26, 2011, an adversary proceeding with respect to the Yu-Gi-Oh! litigation was opened in this Court (Adv. Case No. 11-02225).  Pursuant to the Agreed Order Setting Trial Schedule and Enforcing the Automatic Stay With Respect to 4Kids' Rights Under the Yu-Gi-Oh! License [Doc. No. 130] (the "Agreed Order"), the Yu-Gi-Oh! litigation and related discovery will move at an accelerated schedule, with trial set to commence on August 29, 2011.  The Debtors submit that they have taken all reasonable measures to move forward quickly with the Yu-Gi-Oh! litigation, the resolution of which will allow the Debtors to make progress on a plan.

### B. *The Debtors Are Making Good Faith Progress Toward Reorganization*

14. During the early stages of the chapter 11 cases, the Debtors have taken swift action to preserve the Debtors' business for purposes of a reorganization.  On May 13, 2011, the Debtors filed the Motion for Order Enforcing the Automatic Stay With Respect to 4Kids' Rights Under the Yu-Gi-Oh! License [Doc. No. 61] (the "Stay Enforcement Motion").  In the Stay Enforcement Motion, the Debtors sought to prevent the Yu-Gi-Oh! Licensors from exercising control over the Debtors' rights under the Yu-Gi-Oh! License.  After extensive briefing and a contested hearing, the Bankruptcy Court entered the Agreed Order which, among other things, affirmed the applicability of the automatic stay with respect to the Debtors' rights under the Yu-Gi-Oh! License.

15. The Debtors have also retained the services of BDO Capital Advisors, LLC ("BDO") as financial advisor and investment banker.  Pursuant to a Bankruptcy Court order dated June 21, 2011 [Doc. No. 168], BDO is authorized to, among other things, analyze the business, operations and financial position of the Debtors and assist the Debtors in pursuing

debtor-in-possession financing, strategic asset sales and/or a plan of reorganization. BDO is critical to the Debtors' reorganization prospects.

### C. The Debtors Are Paying Their Bills as They Come Due

16. The Debtors are paying their bills as they come due in chapter 11.

### D. The Debtors Have Not Had Sufficient Time to Permit Them to Negotiate a Plan and Prepare Adequate Information

17. Since the Petition Date, the Debtors and their advisors have focused the majority of their efforts on (i) protecting the Debtors' assets through the prosecution of the Stay Enforcement Motion, and (ii) moving forward with the Yu-Gi-Oh! litigation. The Debtors' efforts have been time consuming, intricate and at times contentious. In addition, the Debtors have sought and obtained critical first day relief, filed their schedules of assets and liabilities and statements of financial affairs, and conducted routine motion practice. The Debtors expect to evaluate their reorganization options and negotiate a plan of reorganization once there is clarity with respect to the Yu-Gi-Oh! litigation.

### E. Little Time Has Elapsed In These Chapter 11 Cases

18. The Debtors' request for an extension of the exclusive periods is the Debtors' first, and comes less than three months after the Petition Date. The Debtors have made significant strides up to this point. However, as would be expected given the scope of what must be achieved in these chapter 11 cases, much work remains. The Debtors anticipate that, with the requested extensions, they will be able to continue the progress made to date.

### F. The Debtors Have Reasonable Prospects for Filing a Viable Plan and Expect to Make Progress with Creditor Groups

19. Once the Yu-Gi-Oh! litigation is completed, the Debtors will be in a better position to negotiate financing and a chapter 11 plan with their creditors. The Debtors believe that commencing plan negotiations at this time would be premature.

### G. The Debtors Are Not Seeking an Extension of Exclusivity to Pressure Creditors

20. The Debtors are not using the exclusivity extension requested herein to pressure creditors to submit to the Debtors' reorganization plans.

21. Based on the foregoing, the *Adelphia* factors clearly weigh in favor of extending the exclusive periods by approximately 3 months. Courts in this jurisdiction and others have routinely granted similar relief. *See, e.g., In re Extended Stay Inc.*, Case No. 09-13764 (Bankr. S.D.N.Y. Oct. 8, 2009) (granting initial extension of approximately four months) [Docket No. 500]; *In re Motors Liquidation Corp.*, Case No. 09-50026 (Bankr. S.D.N.Y. Sept. 14, 2009) (granting initial extension of approximately four months) [Docket No. 4049]; *In re Lehman Bros. Holdings Inc.*, Case No. 08-13555 (Bankr. S.D.N.Y. Jan. 15, 2009) (granting an initial extension of approximately six months) [Docket No. 2549]; *In re Bally Total Fitness of Greater N.Y., Inc.*, Case No. 08-14818 (Bankr. S.D.N.Y. Mar. 24, 2009) (granting an initial extension of approximately four months) [Docket No. 835]; *In re Frontier Airlines Holdings, Inc.*, Case No. 08-11298 (Bankr. S.D.N.Y. Aug. 5, 2008) (granting an initial extension of approximately six months) [Docket No. 434]; *In re Quebecor World (USA) Inc.*, Case No. 08-10152 (Bankr. S.D.N.Y. Apr. 17, 2008) (granting an initial extension of approximately four months) [Docket No. 572].

### RESERVATION OF RIGHTS

22. The Debtors reserve their rights to seek further extensions of the exclusive periods in accordance with section 1121(d) of the Bankruptcy Code.

### NOTICE AND PRIOR MOTIONS

23. Notice of this Motion has been provided to the parties on the Master Service List (as defined in the Case Management Order [Docket No. 22]).

24. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice of this Motion is necessary or required.

25. No previous request for the relief sought herein has been made.

[*Remainder of the Page is Left Blank Intentionally*]

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as <u>Exhibit A</u>, (i) extending the Debtors' exclusive period to file a plan of reorganization through and including November 4, 2011, (ii) extending the Debtors' exclusive period to solicit acceptances in favor of a plan of reorganization through and including January 4, 2012, and (iii) granting such other and further relief as is just and proper.

Dated: July 8, 2011
      New York, New York

    Respectfully submitted,
    **4KIDS ENTERTAINMENT, INC., et al.,**

    KAYE SCHOLER LLP

    By: */s/ Michael B. Solow*
    Michael B. Solow
    Seth J. Kleinman
    425 Park Avenue
    New York, NY 10022
    Telephone: (212) 836-8000
    Facsimile: (212) 836-8689

    -and-

    D. Tyler Nurnberg
    Matthew J. Micheli
    70 West Madison Street, Suite 4100
    Chicago, IL 60602
    Telephone: (312) 583-2300
    Facsimile: (312) 583-2360

    *Attorneys for Debtors*
    *and Debtors in Possession*

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|                                              |   |                        |
|----------------------------------------------|---|------------------------|
| In re:                                       | ) | Chapter 11             |
|                                              | ) |                        |
| 4KIDS ENTERTAINMENT, INC., *et al.*,[1]      | ) | Case No. 11-11607 (SCC)|
|                                              | ) |                        |
| Debtors.                                     | ) | (Jointly Administered) |
|                                              | ) |                        |

## ORDER EXTENDING EXCLUSIVITY

Upon the motion (the "<u>Motion</u>")[2] of 4Kids Entertainment, Inc. and its debtor affiliates herein (collectively, the "<u>Debtors</u>") for entry of an order (a) extending the exclusive periods during which only the Debtors may file a chapter 11 plan and solicit acceptances thereof, and (b) granting such other relief as is just and proper; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and notice of the Motion appearing adequate and appropriate under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having determined that there is sufficient cause to grant relief under section 1121(d) of the Bankruptcy Code and that such relief is in the best interests of the Debtors' estates; and any

---

[1] The Debtors, along with the last four digits of each Debtor's federal tax identification number, are: 4Kids Entertainment, Inc. (1380); 4Kids Ad Sales, Inc. (6309); 4Kids Digital Games, Inc. (7645); 4Kids Entertainment Home Video, Inc. (0094); 4Kids Entertainment Music, Inc. (6311); 4Kids Entertainment Licensing, Inc. (3342); 4Kids Productions, Inc. (3593); 4Kids Technology, Inc. (8181); 4Kids Websites, Inc. (7563); 4Sight Licensing Solutions, Inc. (8897); The Summit Media Group, Inc. (2061); and World Martial Arts Productions, Inc. (8492).

[2] All capitalized terms used by otherwise not defined herein shall have the meanings set forth in the Motion.

objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is granted to the extent provided herein.

2. The Debtors' exclusive period to file a plan of reorganization is hereby extended through and including November 4, 2011, and the Debtors' exclusive period to solicit acceptances of a plan of reorganization is hereby extended through and including January 4, 2012.

3. This Order is without prejudice to the Debtors' ability to seek further extensions of the exclusive periods pursuant to section 1121(d) of the Bankruptcy Code.

4. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Dated: _____, 2011

_____
United States Bankruptcy Judge